IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDITH HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0706-WS-N |
| | ) | |
| HOUSSIERE, DURANT & | ) | |
| HOUSSIERE, LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the Court on the plaintiff's motion for leave to amend the complaint. (Doc. 81). The defendants[1] have filed responses and the plaintiff replies, (Docs. 83, 84, 89, 90), and the motion is ripe for resolution.[2] After carefully considering the same, the Court concludes that the motion is due to be granted.

BACKGROUND

According to the complaint, the plaintiff underwent hip replacement but was unsatisfied with the result. She retained the defendants to represent her in a products liability action filed in this Court, but the action was dismissed on motion for summary judgment after the defendants failed to obtain expert testimony as required by Alabama law. The defendants did not advise her of this development but instead advised that her

---

[1] The defendants are Houssiere, Durant & Houssiere, LLP ("Houssiere"), Ennis & Ennis, P.A. ("Ennis"), and Monica Vaughan.

[2] Ennis's motion for leave to file a sur-reply, (Doc. 92), is **denied**. *See Wood v. B.C. Daniels, Inc*., 2008 WL 2163921 at *1 n.1 (S.D. Ala. 2008) ("[T]he filing of sur-replies is discouraged because of the inefficiencies inherent in an interminable thrust-and-parry debate between the parties ….").

case was set for trial. The defendants moved for reconsideration and, when that was denied, appealed to the Eleventh Circuit, without notifying the plaintiff of any of this activity.

The original complaint asserts claims against the defendants for violation of the Alabama Legal Services Accountability Act ("ALSLA"); negligence/wantonness; and breach of fiduciary duty. The proposed amended complaint maintains these causes of action. The original complaint also asserts claims against Ennis for breach of contract and negligent/wanton supervision. The proposed amended complaint expands these claims to include Houssiere and Vaughan as defendants. It also expands the negligent/wanton supervision claim to include training and monitoring. The proposed amended complaint adds new claims against all defendants for fraud/misrepresentation/ deceit; fraudulent suppression/concealment; and concurrent causation. It also adds a claim against Ennis and Houssiere for promissory fraud. Finally, the proposed amended complaint includes a number of additional factual allegations.

## DISCUSSION

The motion for leave to amend was filed before the deadline provided by the Rule 16(b) scheduling order, as amended. (Doc. 61). Accordingly, the plaintiff need not satisfy the "good cause" standard of Rule 16(b). Instead, she need only meet Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason ─ such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (internal quotes omitted). The defendants invoke futility and undue prejudice.

The burden is on them to establish one or both of these exceptions to the bias favoring amendment.[3]

## I. Futility.

Futility is established when "the complaint as amended is still subject to dismissal." *Hall v. United Insurance Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (internal quotes omitted). Houssiere and Vaughan assert that ALSLA pre-empts the plaintiff's common-law claims, (Doc. 84 at 3-4), rendering them futile. An unadorned quote from the statute and a single, unexplained case citation lacking even a pinpoint cite – which is all Houssiere and Vaughan offer – does not rise to the dignity of a brief on the issue and presents no question to the Court for resolution. *Cf.* Local Rule 7.1(a) (a motion to dismiss under Rule 12(b) must be accompanied by a brief). Moreover, the plaintiff's response, while acknowledging that ALSLA can be an exclusive remedy when it applies, indicates how complicated the question of its applicability can be, especially when out-of-state law firms like Houssiere and out-of-state lawyers like Vaughan are involved. (Doc. 89 at 4-5). Houssiere and Vaughan have not begun to address the intricacies inherent in their argument and so have not shown that amendment is futile.

Ennis argues that the amended complaint does not satisfy the *Twombly* standard because the new claims merely list the elements of each cause of action. (Doc. 83 at 9-10, 14, 16). In making this assertion, Ennis improperly looks only to the paragraphs within each count while ignoring the wealth of factual allegations contained in earlier paragraphs and incorporated into those counts. The latter easily satisfy *Twombly*.

---

[3] *Spanish Broadcasting System, Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial ...."); *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 623 (11th Cir. 1983) (once the defendant shows undue delay or undue prejudice, "the burden shifts to the moving party to show good reason for the allowance of the amendment").

All defendants assert that the new fraud claims are not pleaded with the particularity required by Rule 9(b). (Doc. 83 at 13-14; Doc. 84 at 18-20).

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotes omitted). The parties agree with this formulation. (Doc. 83 at 13; Doc. 90 at 26). The defendants' conclusory assertion that the proposed amended complaint does not attain this standard depends on their decision to focus exclusively on certain generic paragraphs and to wholly ignore the many paragraphs setting forth in impressive detail the specifics concerning the alleged misrepresentations and suppressions, amply summarized by the plaintiffs' brief. (Doc. 89 at 27-29). Rule 9(b) is more than satisfied by these allegations.

Next, the defendants argue that amendment is futile because the plaintiff's deposition testimony negates her ability to establish the newly asserted claims. (Doc. 83 at 10-13, 15-17; Doc. 84 at 5-18). The plaintiff objects that futility requires "inadequacy as a matter of law,"[4] which she says cannot be shown by reference to her testimony. (Doc. 90 at 11). However, the Eleventh Circuit has stated that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The Court thus assumes, for present purposes only, that a plaintiff's existing deposition testimony which negates an element of a proposed cause of action would render futile an amendment offered to assert the cause of action.

---

[4] *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999).

The assumption fails to benefit the defendants, because they have not shown the plaintiff's deposition testimony to be fatal to any of her proposed causes of action. Without laboriously dissecting the defendants' assertions one by one, it is sufficient to state that some of the testimony on which they rely is too vague, or the product of too vague a question or line of questioning, to seal off the topic; some of the testimony does not stand for the proposition for which the defendants employ it; and all of the testimony was given before the defendants' depositions revealed the alleged falsity of many of the defendants' representations or even the existence of their suppressions, thereby first bringing the fraud claims to light.

Finally, Ennis argues that the claim for concurrent causation must be dismissed because Alabama recognizes no such cause of action. (Doc. 83 at 17-18). Even if this count furnishes no independent basis for recovery, it properly alerts the defendants that the plaintiff will rely on the doctrine.

## II. Undue Prejudice.

The defendants argue they will be prejudiced if amendment is allowed because they will be faced with the Hobson's choice of re-deposing the plaintiff – with the attendant risk she will change previously given testimony they deem favorable – or proceeding to trial (should dispositive motions fail) without the benefit of full discovery of her. (Doc. 83 at 4, 6-7; Doc. 84 at 4-5). They offer no authority for the dubious proposition that a defendant's fear of losing the upper hand constitutes undue prejudice sufficient to justify denying a timely motion for leave to amend.

As part of their undue prejudice argument, the defendants sporadically assert that the plaintiff should have made various allegations earlier in the litigation. (Doc. 83 at 3, 6; Doc. 84 at 4, 6, 9, 13). They have made no showing, however, that the fraud now being asserted was or should have been known to the plaintiff before the defendants' recent depositions revealed the alleged falsity of their representations and the existence of

[5]

their suppressions (without which no claim of fraud was possible).[5] Declaring it "axiomatic," (Doc. 83 at 6), is no substitute for reasoned analysis.

There is a single interesting wrinkle here. As Ennis notes, the original complaint mentions "acts and omissions of negligence, fraud, misrepresentation, and suppression." (Doc. 1 at 5). According to Ennis, this proves that the plaintiff knew all along of the alleged fraud against her and so has engaged in delay causing Ennis undue prejudice. (Doc. 83 at 6). The problem is that this fraud is explicitly limited to the defendants' "misrepresent[ation] to [the plaintiff] that the litigation was on-going when it had actually been dismissed." (Complaint at 5). Nothing in this allegation remotely suggests that, when the complaint was filed, the plaintiff knew, for example, that Ennis had misrepresented its (in)experience with products liability suits against the manufacturer of the plaintiff's replacement hip or that Houssiere had internally valued the plaintiff's case as a mere bargaining chip while telling her it was worth millions. The original complaint does make clear that the plaintiff knew of the alleged fraud concerning reports of the status of the litigation, but the very fact this allegation appears in the original complaint precludes the defendants from asserting the plaintiff delayed in making the allegation or that they are unduly prejudiced thereby.

For their part, Houssiere and Vaughan object to the proposed amended complaint's mention, as an element of damages, that she delayed ankle surgery in anticipation of a trial setting that did not exist, resulting in prolonged pain and suffering as well as increased physical issues. (Doc. 84 at 14-15). Since the original complaint alleges that the defendants failed to tell her that her case had been dismissed, Houssiere and Vaughan justifiably conclude that the plaintiff must have known of this element of damages when the complaint was filed. Yet, according to Houssiere and Vaughan, neither in her complaint, her initial disclosures nor her deposition did the plaintiff

---

[5] The defendants do not blame the plaintiff for the lateness of their depositions, which the record reflects the plaintiff has diligently pursued since early in the litigation. (Docs. 30, 55, 60).

[6]

mention any such damage, and they therefore did not question the plaintiff's treating orthopedist about her ankle.

The complaint, however, expressly requests "compensatory damages in the amount the jury determines is sufficient to compensate her for her injuries and damages suffered," and Houssiere and Vaughan have not explained how this broad language could fail to encompass the plaintiff's ankle damages.[6] A failure to mention the damages in initial disclosures would be more troubling, but Houssiere and Vaughan fail to submit those disclosures to the Court, which thus cannot verify their allegation. A failure to mention the damages in deposition is immaterial absent a showing (which Houssiere and Vaughan fail to make) that their questioning was sufficiently precise to require the plaintiff to identify such damages.

Finally, Houssiere and Vaughan ask the Court to strike that portion of the proposed amended complaint alleging that they filed an appeal without the plaintiff's permission, on the grounds it is "slanderous." (Doc. 84 at 16). Since the same allegation appears in the original complaint filed almost a year ago, (Complaint at 4), the request comes far too late. *See* Fed. R. Civ. P. 12(f)(2) (a motion to strike must be filed before responding to the complaint). The request, construed as a motion, is **denied**.

---

[6] Houssiere and Vaughan elsewhere drop an unexplained reference to Rule 9(g), (Doc. 84 at 20), so perhaps they believe the plaintiff's ankle issues constitute special damages that the rule requires to be "specifically stated." They have, however, expended no effort to demonstrate that this is so, and the Court will not construct or support an argument on their behalf. This disposes as well of their assertion that the proposed amended complaint violates Rule 9(g). (*Id.*).

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for leave to amend the complaint is **granted**. The plaintiff is ordered to file and serve her amended complaint on or before **October 17, 2011**.[7]

DONE and ORDERED this 7th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Ennis's motion to strike all references in the plaintiff's briefing to "chemo brain," (Doc. 93), is **denied as moot**, as the Court has not relied on these references.